IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CENTRAL LABORERS' PENSION, WELFARE, AND ANNUITY FUND,   )<br>)<br>Plaintiff,   )<br>)<br>vs.   )<br>)<br>EHRET, INC., and MICHAEL EHRET,   )<br>)<br>Defendants.   ) | CIVIL NO. 12-974-GPM |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court sua sponte to set aside the Clerk's entry of default as to Ehret, Inc. and Michael Ehret (Doc. 15). FED. R. CIV. P. 55(c); *Judson Atkinson Candies, Inc. v. Latini-Hohgerger Dhimantec*, 529 F.3d 371, 386 (7th Cir.2008) ("Rule 55(c) does not require a motion.")

Plaintiff, the Central Laborers' Pension, Welfare, and Annuity Fund, originally filed this action on July 13, 2012 against Ehret, Inc. and Michael Ehret. (Doc. 2). The record indicates that the original complaint was personally served on Defendants on July 18, 2012 (Docs. 4, 5), but Defendants did not file a response within the time to do so. Plaintiff filed an amended complaint on November 27, 2012 (Doc. 12), which was served on Defendants that same day (Doc. 12), but again Defendants did not file a response within the time to do so. On September 12, 2013, the Court issued a Notice of Impending Dismissal giving Plaintiff 20 days in which to move for an entry of default (Doc. 13). On September 18, 2013, Plaintiff moved for an entry of default against

Defendants (Doc. 14), which the Clerk of Court granted the next day (Doc. 15). On October 18, 2013, the Court issued a second Notice of Impending Dismissal giving Plaintiff fourteen days in which to certify to the Court that notice of the Clerk's entry of default was sent to Defendants, and to request default judgment under Rule 55(b) (Doc. 16). Plaintiff then moved for leave to file a second amended complaint (Doc. 17), which Magistrate Judge Donald G. Wilkerson granted. Plaintiff filed its second amended complaint on October 29. 2013 (Doc. 19).

The filing of the second amended complaint mooted the Clerk's entry of default. An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts, or incorporates by reference, the earlier pleading. *See Kelley v. Crossfield Catalysts,* 135 F.3d 1202, 1204–05 (7th Cir. 1998). Default was entered based on Defendants' failure to respond to the first amended complaint. Plaintiff's second amended complaint neither refers to, adopts, nor incorporates by reference the first amended complaint. Therefore, the first amended complaint was superseded and rendered of no legal effect. As a result, the entry of default with respect to the first amended complaint is now moot. *See, e.g., Rossignol v. Tillman*, Case No. 10-CV-3044, 2011 WL 1193017, at *2 (E.D. La. Mar. 25, 2011) (setting aside entry of default because plaintiff filed an amended complaint); *Greater St. Louis Constr. Laborers Welfare Fund v. A.G. Mack Contracting Co.,* Case No. 08–1947, 2009 WL 2916841, at *1 (E.D. Mo. Sept. 4, 2009) (same); *U.S. ex rel. SimplexGrinnell, LP v. Aegis Ins. Co.*, Case No. 08-CV-01728, 2009 WL 577286, at *2 (M.D. Pa. Mar. 5, 2009) (same); *Rock v. AM. Exp. Travel Related Servs. Co., Inc.*, Case No. 08-CV-0853, 2008 WL 5382340, at *1-2 (N.D.N.Y. Dec. 17, 2008) (same).

Accordingly, the Clerk's entry of default as to Ehret, Inc. and Michael Ehret (Doc. 15) is **SET ASIDE** pursuant to Rule 55(c).

**IT IS SO ORDERED.**

DATED:   October 31, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge